CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED
2013 FEB -1 PM 1:57
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| MARION LEWIS,<br>    Petitioner,<br><br>v.<br><br>JACK COUNTY DISTRICT CLERK,<br>    Respondent. | Civil No. 7:12-CV-189-O-BL |

## REPORT AND RECOMMENDATION

ON THIS DATE, came on to be considered the papers and pleadings filed in this action, and the Court finds and orders as follows:

Petitioner submitted this action on the Court's form that is designed for prisoner civil rights actions filed under 42 U.S.C. § 1983. Upon review of the complaint, the Court has determined that this action is a petition for writ of mandamus brought pursuant to 28 U.S.C. § 1361.

Petitioner claims that the District Clerk of Jack County, Texas has refused to release a document relating to termination of parental rights in the interest of a minor child. Petitioner claims the document is exculpatory in nature because it reflects the true age of the child, presumably the victim of his criminal offense. He asks this Court to order the Jack County District Clerk to provide him with a copy of the document.

The Mandamus Act vests the district court with original jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." *Giddings v. Chandler*, 979 F.2d 1104, 1108 (5th Cir. 1992); 28 U.S.C. § 1361. Mandamus is an extraordinary form of relief which the court may grant only when the petitioner is able to establish that: 1) he is clearly entitled to the relief requested, 2) the

respondent has a clear duty to act, and 3) no other adequate remedy is available. *Herbert v. Exxon Corp.*, 953 F.2d 936, 938-39 (5th Cir. 1992); *In re Sessions*, 672 F.2d 564, 566 (5th Cir. 1982). However, federal courts lack the general power to issue writs of mandamus to direct state courts, their judicial officers, or clerks in the performance of their duties. *Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275 (5th Cir. 1973). Therefore, the mandamus relief sought by Petitioner is not available in this Court. To the extent, if any, that Petitioner seeks to attack his conviction, his remedy is through petition for writ of habeas corpus rather than mandamus.

Title 28, United States Code, Section 1915A(b)(1) mandates dismissal of any action filed by a prisoner if the court determines that the claims raised therein are frivolous. An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 52 (5th Cir. 1991). The request for mandamus relief in the instant case lacks any arguable basis in law.

It is therefore RECOMMENDED that the petition be DISMISSED as frivolous pursuant to 28 U.S.C. § 1915A(b)(1).

It is further RECOMMENDED that this dismissal be without prejudice to any habeas action currently pending or later filed by Marion Lewis in which he attacks his conviction.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An

objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

SO ORDERED this 1st day of February, 2013.

_____
E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE